Weygandt, C. J.
Section 4842-8, General Code (Section 3319.11, Revised Code), cited above, reads in part:
“Any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed under the provisions of this act at the same salary plus any increment .provided by the salary schedule unless the employing board shall give such teacher written notice of its intention not to re-employ him or her on or before the 30th day of April or 30 days prior to the termination of such teacher’s school year, whichever date occurs the earlier. ’ ’
It is agreed that on April 22, 1952, the respondent board of education gave the relatrix written notice of its intention not to re-employ her.
The sole question involved in this controversy is whether the notice served on April 22, 1952, was at least 30 days prior to the termination of the school year. If the notice was so served, the writ was properly denied by the Court of Appeals. But if the notice was not so served, the relatrix is entitled to a writ of mandamus requiring the respondent to re-employ her.
Since the notice was served on April 22, it is necessary to determine whether the school year continued at least until May 22, in order to constitute the statutory 30-day minimum.
The relatrix relies on the conceded fact that May 19 was the last day on which there was a regular attendance together with classes, instructions and roll call of the students.
However, the respondent board of education em *591 phasizes the further important conceded facts that on the schedule delivered to the relatrix at the beginning of the school year, May 22 was designated by the respondent as the end of the ninth month of school; that all regular teachers, including the relatrix, were required by the respondent to be present and in fact were present at the school building during the usual hours on May 20 and 21 to grade examination papers, prepare reports and perform other administrative duties necessarily incident to closing the school year; that on May 22, the teachers and students were in attendance, the latter to receive their report cards; that May 22 was the last day the relatrix was on duty at the school; and that May 20, 21 and 22 were within the period for which the relatrix received her salary.
In view of these undisputed facts, it is manifest that the school year did include the days of May 20, 21 and 22. The single circumstance that May 19 was the last day on which there were classes, instructions and roll call can not be regarded as conclusive. At the beginning of the school year the respondent board of education was within its statutory authority in designating May 22 as the termination thereof. Furthermore, the respondent acted within its statutory authority in requiring the teachers to be present on May 20, 21 and 22 for the purpose of grading examination papers, preparing reports and performing other administrative duties necessarily incident to closing the school year. Section 4843, General Code (Section 3319.32, Revised Code), provides that “boards of education shall require all teachers and superintendents to keep the school records and to prepare reports in such manner as to enable the preparation of the annual reports required by law and shall withhold the pay of such teachers and superintendents as fail to file the reports required of them.” Hence, it is apparent that the administrative work performed by the relatrix on May *592 20, 21 and 22 was as much a part of her duties as the instruction of the students.
Inasmuch as the notice eoncededly was served on the relatrix 30 days before May 22, the Court of Appeals was not in error in denying a writ of mandamus. The judgment must be affirmed.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.